UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
----------------------------------X
UNITED STATES OF AMERICA
ex rel. KEVIN COSENS,                    :

     Plaintiffs,                        :

  - against -                              : No. 3:03CV689(GLG)
                                         **MEMORANDUM DECISION**
HARPER-HUTZEL HOSPITAL,                   :

     Defendant.                         :
----------------------------------X

FILED

May 19    2:2 PM '04

U.S. DISTRICT COURT
NEW HAVEN, CONN.

    Harper-Hutzel Hospital, one of the forty defendants in the
MDL litigation, has filed a supplemental motion and memorandum
**[Doc. # 5]** in support of the Motions to Dismiss, which emphasizes
the fact that the Government initially indicated that it was not
going to intervene in the case against Harper-Hutzel. It further
cites to the case of United States ex rel. Swafford v. Borgess
Medical Center, 98 F. Supp. 2d 822 (W.D. Mich. 2000), aff'd, 2001
WL 1609913 (6th Cir. 2001), cert. denied, 535 U.S. 1096 (2002),
which it contends is binding precedent in the Sixth Circuit where
it is located.  The Government has not filed any separate
opposition to this motion.

    Initially we note that at oral argument, all counsel were in
agreement that the law of the Second Circuit controlled in the
MDL litigation.  Additionally, for the reasons set forth in our
May 12, 2004 decision on the motions to dismiss in the MDL
litigation, United States ex rel. Swafford is distinguishable
from the facts of the instant case.  Lastly, we do not find that

the Government's initial declaration that it declined to intervene against Harper-Hutzel impacts our rulings on the motions to dismiss.  It may have some bearing on prejudice suffered by Harper-Hutzel, but that is a matter that cannot be resolved on a motion to dismiss.

Accordingly, for these reasons and for the reasons set forth in the Court's Opinion of May 12, 2004 in the MDL litigation, <u>In re. Cardiac Devices Qui Tam Litigation</u>, 3:03MD1505(GLG), the Court adheres to its ruling in the MDL litigation and DENIES the Motion to Dismiss in all respects except that the Motion to Dismiss on Statute of Limitations grounds is GRANTED as to all common-law claims for payment by mistake, unjust enrichment and recoupment, which are based on Medicare claims filed prior to March 31, 1988.

SO ORDERED.

Date: May  17 , 2004.
      Waterbury, Connecticut.


                              _____
                              GERARD L. GOETTEL,
                              United States District Judge


2